BROTHER INDUSTRIES, LTD., and BROTHER INTERNATIONAL CORPORATION, PLAINTIFFS *v.* ACTION I UNITED STATES, DEFENDANT, SMITH-CORONA GROUP, CONSUMER PRODUCTS DIVISION, SCM CORPORATION, PARTY-IN-INTEREST; SMITH-CORONA GROUP, CONSUMER PRODUCTS DIVISIONS, SCM CORPORATION, PLAINTIFF *v.* ACTION II UNITED STATES, DEFENDANT, BROTHER INDUSTRIES, LTD., and BROTHER INTERNATIONAL CORPORATION; SILVER SEIKO LTD., and SILVER REED AMERICA, INC., PARTIES-IN-INTEREST

Before NEWMAN, *Judge*

Consolidated Court No. 80–9–01436

(Dated June 28, 1982)

*Tanaka Walders & Ritger,* Esqs. *(H. William Tanaka, Lawrence Walders, Donald L. E. Ritger* and *Wesley K. Caine,* Esqs., of counsel) for Brother Industries, Ltd. and Brother International Corporation.

*Eugene L. Stewart* and *Terence P. Stewart,* Esqs., for Smith-Corona Group, Consumer Products Division, SCM Corporation.

*J. Paul McGrath,* Assistant Attorney General *(David M. Cohen,* Director, Commercial Litigation Branch, *Velta A. Melnbrencis,* Esq., and *Francis J. Sailer,* Esq.) for the defendant.

BERNARD NEWMAN, *Judge:* Cross-motions by the parties for summary judgment in this consolidated case culminated in my decision of April 30, 1982 which upheld certain adjustments to foreign market values allowed by the International Trade Administration, United States Department of Commerce in its Early Determination of Antidumping Duties respecting portable electric typewriters (PETs) from Japan, 3 CIT 125, Slip Op. 82–34 (April 30, 1982). That final judgment dissolved a preliminary injunction granted on December 30, 1980 upon the application of plaintiff SCM to suspend the liquidation of entries of Japanese PETs in the amounts specified by Commerce in its Early Determination. See 1 CIT 89, Slip Op. 80–17, 507 F. Supp. 1015 (1980).

Pursuant to Rule 62(c) of the Rules of the Court of International Trade, plaintiff SCM has now requested formally that I restore the dissolved injunction during the pendency of its appeal to the Court of Customs and Patent Appeals from my decision and judgment. Prior to SCM's application and during the interim while awaiting the receipt of briefs from the parties relative to SCM's motion for restoration, I had orally stayed liquidation of the PET entries. Subsequently, a notice of appeal was promptly filed by SCM.

The granting of post judgment injunctive relief is, of course, within the discretion of the Court; and the short of the matter is that in my careful and considered judgment, the equities here call for the granting of SCM's application for injunctive relief.

Accordingly, under all the facts and circumstances, the injunction suspending liquidation of all entries of PETs from Japan on and after January 4, 1980 to May 7, 1980 covered by the Early Determination of Antidumping Duties by the International Trade Administration, United States Department of Commerce, published in the Federal Register on August 13, 1980 (45 FR 53853–56), is restored during the pendency of the appeal to the United States Court of Customs and Patent Appeals—and obviously, subject to the further order of the Court of Customs and Patent Appeals.